# OCM

O'Connor
Carnathan
and Mack LLC

Landmark One
1 Van De Graaff Drive
Suite 104
Burlington, MA 01803

Tel: 781.359.9000
Fax: 781.359.9001

www.ocmlaw.net

Sean T. Carnathan
Direct Line:  781.359.9002
scarnathan@ocmlaw.net

November 19, 2013

BY FAX (617-973-9949) AND U.S. MAIL

Todd C. Pomerleau
Richard B. Reiling
Two Center Plaza, Suite 510
Boston, MA  02108

> **Re:    CLAIM LETTER OF OCTOBER 28, 2013 ON BEHALF OF
> SIOBHAN WALSH**

Dear Counsel:

This is in response to your purported M.G.L. Chapter 93A demand letter dated
October 28, 2013.  This response is being made on behalf of TelTech Systems, Inc.
("TelTech"), Meir Cohen and Eli Finkelman.  TelTech is of the opinion that your
correspondence does not comply with the requirements of M.G.L. Chapter 93A.
However, this response is being made in a good faith effort to respond under Chapter
93A to the allegations contained in your letter.  This response letter is not to be construed
as a waiver or relinquishment of TelTech's rights to contest the adequacy of your demand
letter.  Further, please be advised that TelTech is not waiving any defenses hereby, and
any and all defenses and rights available to TelTech under the applicable statutes and
decisional law will remain in full force and effect.

Your letter makes allegations that TelTech violated Chapter 93A by aiding and
abetting criminal activity by sale of the Spoof Card, by engaging in violations of state law
and by engaging in immoral, unethical, oppressive or unscrupulous business practices.
Your letter further states that the actions of TelTech were illegal, intentional, willful and
malicious.  None of these allegations is any way supported by the pertinent facts or law.

As a preliminary matter, your allegation that TelTech's actions were intentional,
willful and knowing is completely without merit.  It is incontrovertible that any alleged
misconduct or criminal activity by Michael or Johnienne DiLorenzo was committed by
them solely and without the knowledge or participation of TelTech.  Similarly, your
allegations that TelTech aided and abetted criminal activity are also without merit, as
TelTech clearly had no knowledge or intent of the DiLorenzos' alleged activity and

Todd C. Pomerleau
November 19, 2013
Page 2

obviously did not substantially assist them in the pursuit of their alleged misconduct. TelTech's legal placement of its Spoof Card service into commerce in Massachusetts can in no rational way be construed as constituting aiding and abetting criminal activity.

Your letter states that the acts of TelTech constitute violations of Massachusetts criminal statutes, including M.G.L. c. 269, § 14A, c. 265, § 43A and 265, § 43. This allegation is entirely inconsistent with the wording of the statutes, which are specifically directed towards the individuals committing the misconduct. There is no evidence to support your allegations that TelTech either committed statutory violations or aided and abetted Michael and Johnienne DiLorenzo with respect to their alleged violations.

Further, under Massachusetts law, it is clear that TelTech has committed no unfair or deceptive acts or practices in violation of Chapter 93A. The Massachusetts Supreme Judicial Court and Appeals Court have said that "ordinary…dispute(s) without conduct that was unethical, immoral, oppressive, or unscrupulous" do not indicate unfairness. Duclersaint v. Federal National Mortgage Assocs., 427 Mass. 809, 814, 696 N.E. 2d 536, 540 (1998) (quoting Kobayashi v. Orion Ventures, Inc., 42 Mass.App.Ct. 492, 505, 678 N.E. 2d 180, 189 (1997). Mere negligence is insufficient to create liability under Chapter 93A without proof that it resulted in an unfair or deceptive act or practice. See Poly v. Moylan, 423 Mass. 151, 667 N.E. 2d 257. For these reasons, TelTech reiterates that it did commit any violations of Chapter 93A.

To summarize, there is no legal authority in support of your allegations that TelTech committed any violations of M.G.L. c. 93A. Similarly, there is no legal authority, either statutory or decisional, in support of your contention that TelTech is liable for the unfortunate events involving your client. TelTech properly and legally placed its service into commerce in Massachusetts, consistent with state and federal law permitting such services. It is not legally responsible for the subsequent misuse of its service through the criminal actions of Michael and Johnienne DiLorenzo. Further, the intentional criminal actions by them constitute an intervening superceding cause of the alleged harm to your clients for which TelTech is not legally liable.

In addition, there is no logical connection between the use of the Spoof Card by the DiLorenzos and the harm your client allegedly suffered. Indeed, the demand letter fails to specify with any clarity what the harm is, but presumably it is the distress caused by crude, threatening and harassing phone calls. The number that appeared on the caller i.d. in connection with these calls has no bearing on the resulting distress.

As a final matter, your letter is directed to Meir Cohen and Eli Finkelman in addition to TelTech. As you are aware from your previous representation of Mr.Luciano, TelTech is a duly organized corporation. As such, there can be no viable cause of action against Mr. Cohen and Mr. Finkelman individually absent a piercing of the corporate veil, and you have alleged no facts that could in any way justify a piercing of the veil. Kindly direct any future correspondence to the undersigned as counsel for TelTech, and please refrain from any future communications with Mr. Cohen or Mr. Finkelman.

Todd C. Pomerleau
November 19, 2013
Page 3

Should you name either Mr. Cohen or Mr. Finkelman as a party in any action based upon the facts set forth in your letter, we will immediately move for dismissal and sanctions under state or federal court rules, whichever would apply.

For at least the above reasons, it is the position of TelTech, based upon the applicable law, that it is not liable to your client for the alleged events. It is further the position of TelTech that there is no evidence that it committed any violations of M.G.L. Chapter 93A. Accordingly, please be advised that TelTech will not extend an offer of settlement at this time.

As you know, this is the second meritless action that your firm has purported to prosecute against TelTech based on the events outlined in your letter. As a result, TelTech must conclude that making any offer of settlement will merely encourage further frivolous efforts to extract unwarranted settlements from TelTech. Accordingly, there will be no offer of settlement in this case. If you insist on pursuing this frivolous action, you should understand that there will be no offer at any time, but instead that TelTech will defend this action to a conclusion, and will seek recovery of its legal fees and costs from both your client and your law firm under all applicable rules and statutes.

TelTech is not waiving any rights or defenses that it may possess, whether or not those rights or defenses are set forth in this correspondence.

Very truly yours,

Sean Carnathan

4836-3850-9334, v. 1