UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIOBHAN WALSH,<br><br>    Plaintiff,<br><br>v.<br><br>TELTECH SYSTEMS, INC.,<br><br>    Defendant. | Civil Action No. 1:13-cv-13064-RWZ |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Teltech Systems, Inc. ("Defendant" or "Teltech") responds to Plaintiff Siobhan Walsh's ("Plaintiff") Complaint as follows:

### NATURE OF THE ACTION

1. The introductory paragraph of the Complaint sets forth a description of the Plaintiff's claims, to which no response is required. To the extent that the introductory paragraph may be construed as containing allegations of fact to which a response is required, the allegations are denied.

### THE PARTIES

2. Defendant lacks sufficient knowledge or information to admit or deny the allegation in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Admitted.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent Paragraph 4 may be construed as containing allegations of Defendant's liability in tort, those allegations are denied.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent Paragraph 5 may be construed as containing allegations of Defendant's liability in tort, those allegations are denied.

6. Paragraph 6 states a legal conclusion to which no response is required.

## RESPONSES TO FACTUAL ALLEGATIONS

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 and, therefore, denies the same.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies the same.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and, therefore, denies the same.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and, therefore, denies the same.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 and, therefore, denies the same.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and, therefore, denies the same.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and, therefore, denies the same.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and, therefore, denies the same.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and, therefore, denies the same.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and, therefore, denies the same.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and, therefore, denies the same.

19. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same.

20. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and, therefore, denies the same.

21. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and, therefore, denies the same.

22. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and, therefore, denies the same.

23. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and, therefore, denies the same.

24. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 and, therefore, denies the same.

25. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and, therefore, denies the same.

26. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and, therefore, denies the same.

27. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and, therefore, denies the same.

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 and, therefore, denies the same.

29. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 and, therefore, denies the same.

30. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 and, therefore, denies the same.

31. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 and, therefore, denies the same.

32. Paragraph 32 states legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations.

## **RESPONSES TO DEFENDANT'S ALLEGED CULPABILITY**

33. Admitted that Defendant has offered the SpoofCard service for a fee to consumers within the Commonwealth of Massachusetts. Admitted that SpoofCard operates like a regular long distance calling card service, but provides each customer the capability to change the Caller ID that is displayed on a called party's telephone. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34(a)-(f) of the Complaint.

35. Denied.

36. Denied.

### FIRST CAUSE OF ACTION
### (Alleging Violations of G.L. c. 93A)

37. Defendant incorporates by reference its responses to Paragraphs 1-36 of the Complaint as if set forth fully herein.

38. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

39. Denied.

40. Defendant denies the allegations in Paragraph 40(a)-(d) of the Complaint.

41. Denied.

42. Admitted that Plaintiff sent to Defendant the letter attached to Plaintiff's Complaint as Exhibit A. To the extent that the allegations in Paragraph 42 may be construed as alleging the sufficiency of Plaintiff's demand letter or viability of her claims, Defendant denies those allegations.

43. Admitted that Defendant sent to the Plaintiff the letter attached to Plaintiff's Complaint as Exhibit B. Defendant denies the remaining allegations in Paragraph 43.

44. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense:
### Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff's Complaint fails to state a claim upon which relief may be granted under M.G.L. ch. 93A, for the reasons set forth below:

1. Plaintiff has failed to state a claim under M.G.L. ch. 93A for aiding and abetting criminal conduct because she has failed to plead any facts indicating that Defendant possessed the requisite intent.

2. Plaintiff has also failed to state a claim under M.G.L. ch. 93A for the alleged improper advertising and promotion of the SpoofCard because she has failed to plead facts evidencing a causal connection between the alleged wrongful conduct and her harm. Any alleged losses or damages were caused by acts of entities other than Defendant.

3. Plaintiff has also failed to state a claim under M.G.L. ch. 93A for invasion of privacy because any invasion of privacy which may have occurred was committed by entities other than Defendant.

4. Plaintiff has also failed to state a claim under M.G.L. ch. 93A because the type of damages she alleges – emotional distress damages – are only available under ch. 93A when the emotional distress was intentionally inflicted, and Plaintiff has failed to plead facts indicating Defendant intended to inflict emotional distress on her.

## Second Affirmative Defense: No Unfair Acts or Practices

Plaintiff's M.G.L. ch. 93A claim is barred because Defendant did not engage in any unfair acts or practices.

## Third Affirmative Defense: Federal Preemption

Plaintiff's claims are barred because they are preempted by federal law.

### Fourth Affirmative Defense:
### Inadequate Demand Letter under ch. 93A

Plaintiff's claim is barred because she failed to meet the demand letter requirement of M.G.L. ch. 93A.

### Fifth Affirmative Defense:
### Intervening Criminal Act

Plaintiff's claim is barred by the Intervening Criminal Acts of the DiLorenzos.

### Sixth Affirmative Defense:
### Statute of Limitations

Plaintiff's claim is barred by the statute of limitations.

Defendant presently lacks knowledge or information sufficient to form a belief as to whether it may have available additional, as yet unstated, defenses. Defendant reserves the right to assert additional affirmative defenses up to and including the time of trial.

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted;

2. Award Defendant its attorneys' fees and costs incurred in responding to the Complaint; and

3. Award Defendant such other relief as the Court deems just and proper.

          Respectfully submitted,

          TELTECH SYSTEMS, INC.

          By its attorney,


          /s/ Sean T. Carnathan
          Sean T. Carnathan (BBO No. 636889)
          scarnathan@ocmlaw.net
          O'Connor, Carnathan and Mack LLC
          Landmark One
          One Van de Graaff Drive, Suite 104
          Burlington, MA  01803
          781-359-9000 (tel)
          781-359-9001 (fax)

Dated: January 28, 2014


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 28, 2014.

          /s/ Sean T. Carnathan


4829-0399-8232, v. 1