UNITED STATES DISCTRICT COURT FOR THE
DISTRICT OF MASSACHUSETT

FILED
IN CLERK'S OFFICE

2014 SEP 11 P 2:02

| | |
|---|---|
| SIOBHAN WALSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:13-cv-13064-RWZ |
| ) | |
| TELTECH SYSTEMS, INC. ) | |
| ) | |
| Defendant ) | |

## MOTION TO QUASH DEPOSITION SUBPOENA

NOW COMES nonparty witness Michael DiLorenzo and moves this Honorable Court to quash the deposition subpoena served upon him on or about August 21, 2014, a copy of which is attached hereto as Exhibit A. In support of this Motion, DiLorenzo states as follows:

1. This is an action for the alleged misuse of "spoof phone cards" by both Johnienne DiLorenzo and her husband, brought by Siobhan Walsh. The DiLorenzos are not a party to this lawsuit.

2. On or about, April 22, 2011, Siobhan Walsh, of her own free will, accepted payment of $15,000 (fifteen thousand dollars) for a discharge and complete release of Michael DiLorenzo and Johniene DiLorenzo from any and all causes of action, suits, and any and all civil actions, claims and demands of any kind, nature and description.

3. Siobhan Walsh has also agreed to a confidentiality clause in which prohibits the DiLorenzo's from disclosing any of the requested information to third parties except as required by law.

4. Siobhan Walsh has also agreed that the "defendants (the DiLorenzos) may take any legal action necessary to protect the defendants' rights".

5. The criminal cases involving the "spoof phone cards" were dismissed on Accord and Satisfactions. Since no jeopardy has attached, they have both retained their privileges against self-incrimination. The DiLorenzos could be prosecuted for additional crimes based on the deposition testimony that may be elicited.

6. The DiLorenzos will use their privilege against self-incrimination throughout any deposition, which will produce little if any usable evidence in the trial.

7. All of the information the Defendant is seeking except for the "Release of All Claims" is available to the public, which would best served by respective counsel obtaining the requested documentation.

8. If the DiLorenzo's are added as third party defendants, the terms of service of TelTech mandates that all claims be to be submitted to the American Arbitration Association in New York. The DiLorenzos defense of being added to the civil action would cost them an unreasonable amount of money, time, and lost wages. The DiLorenzo's would be forced to amend the suit to a cross-claim, which would remove their claim from the District Court under the arbitration clause, which would further increase costs and judicial resources for all concerned.

9. DiLorenzo submits that his deposition is not reasonably calculated to lead to the discovery of admissible evidence and constitutes an undue burden and hardship upon him, and accordingly the deposition subpoena should be squashed.

WHEREFORE, DiLorenzo respectfully requests that this Honorable Court quash the deposition subpoena issued by Teltech Systems on or about August 21, 2014.

Michael DiLorenzo
By his attorney,

_____
Robert Carp
BBO # 676732
Cottens and Carp, LLC.
1215 Chestnut Street
Newton, MA 02464
Phone: 617-861-4529
Fax: 866-723-8737
Email: rcarp@post.harvard.edu
Dated: September 8, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on September 10th, 2014 I caused the foregoing document to be served by certified mail on counsel for the Defendant.

_____
Robert H. Carp